FRANCIS N. CUMMINGS, trustee in bankruptcy, *vs.* BRIGGS-MARONEY COMPANY.

Middlesex.   January 20, 1928.— March 2, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Judge's charge, Exceptions.

Where, at the trial of an action for compensation for labor performed by the plaintiff for the defendant at a certain rate per hour plus a percentage which the plaintiff alleged and testified the defendant had agreed to pay him, there was no evidence of general custom, practice or usage as to the payment of such percentage beyond the amount per hour, it is error for the judge by his instructions to permit a finding for the plaintiff for the amount of such percentage by reason of the existence of such a general custom, practice or usage.

CONTRACT, originally brought by Walter P. Kirby, doing business under the name of William B. Reardon and Company, with a declaration in two counts, described in the opinion.   Writ in the First District Court of Eastern Middlesex dated January 23, 1925.

After removal to the Superior Court, the plaintiff Kirby was adjudicated a bankrupt, and Francis N. Cummings, his trustee in bankruptcy, was admitted to prosecute the action.

The action was tried before *Dubuque,* J.   Material evidence and instructions by the judge to the jury are stated.

in the opinion.   There was a verdict for the plaintiff in the sum of $283.74.   The defendant alleged exceptions.

*J. H. Duffy*, for the defendant.

*J. J. Cummings*, for the plaintiff.

BRALEY, J.   The jury warrantably could find on the evidence that the defendant corporation, engaged in the erection of a building for the manufacture of varnish, having purchased piping, valves, and pumps which were to be connected, installed and used in the business, hired the plaintiff as a contracting plumber to perform and furnish labor for the work and to supervise the installation, and that the plaintiff worked for the defendant five consecutive weeks receiving weekly payments at the rate of $1.10 an hour.   The first count of the declaration alleges, and the plaintiff testified substantially, that in addition to this compensation the defendant agreed to pay him a further amount equal to fifteen per cent of his wages, and fifteen per cent of the total cost of the material used.   The defendant, who claimed that the plaintiff was hired as an ordinary plumber working for his day's pay, admitted that when the work was completed there was due to the plaintiff a balance of $117.04 if his services were rendered on the price for each hour's work.   But the plaintiff, from whom the defendant purchased no materials, testified that, acting through an employee of the defendant and with the defendant's consent, he ordered the materials for which the defendant paid the dealers and agreed to pay him the percentages claimed.   The question for the jury, to whom it was left under suitable instructions, was whether under the first count the parties had entered into an express contract enhancing the plaintiff's ordinary pay as shown by his evidence.   The second count is on an account annexed, the items of which are for labor performed and furnished, fifteen per cent on the amount payable for wages and fifteen per cent on the cost of materials.

We find nothing in the instructions on which the defendant's criticism can be sustained, that the trial judge violated G. L. c. 231, § 81, or that the evidence was misstated.

But the instructions on the second count, to which the defendant specifically excepted, were misleading.   The jury

were instructed: "As to this fifteen percent on labor and material depends whether first there was an agreement about it in the manner in which I have stated to you heretofore, and if there was no agreement whether that was the usual current practice in the trade. If it was the usual common practice in the trade as the plaintiff contends and there is nothing, no evidence against it, then he would be — it is for you to say whether he would be entitled to recover it. It has been allowed in some cases where it has been shown that such was the practice in the trade, it has been allowed with carpenters, contractors, masons and others in the building trades. It is not unusual to have a certain percentage allowed because that is a part of the payment for the responsibility of the job and the supervision of it and for maintaining of an organization.

"If, however, you give me the work of building the house by the day and I go and secure labor and materials, I have got to maintain an organization and see that those men are supplied with the tools, I have got to superintend their work and see that their work is done every day otherwise I would run behind and I would not remain in business. For this work of supervision, watching the job, overseeing it, I am entitled to fair compensation for that except in a case where there is a flat price, where you agree to do the whole job for so much, there in figuring that price a man would not remain very long in business if he simply charged what he paid out. You can see for yourselves the common sense of it. If he only charged what he paid out why no man could remain in business. It is part of his compensation, his profit, his supervision, his responsibility for the job that he adds a certain percentage over and above what he pays out, and that is the theory of it from an economic standpoint, and it is recognized that where such exists as practice that the law allows the jury or the court who are to pass upon the facts to allow a certain amount in that way."

There was no evidence of any general custom, practice or usage which would warrant a finding on the second count for these charges. *Barrie* v. *Quimby*, 206 Mass. 259, 265.

*Exceptions sustained.*